I respectfully dissent. Custard challenges Ala. Code 1975, § 27-10-2(b), as violating the equal protection guarantees of the Constitution of Alabama. Specifically, Custard argues that § 27-10-2(a) imposes liability upon soliciting insurance agents and insurance brokers upon a finding of "willfulness," and that § 27-10-2(b) imposes a "no-fault" standard of liability upon insurance adjusters. The majority concludes that even if Custard's construction of § 27-10-2 is correct, the disparity in treatment of insurance procurers does not violate the constitution.
I would eliminate any constitutional infirmity in the statute simply by construing both subsections as containing awillfulness requirement. In particular, the phrase "[a]ny person," used in subsection (a), creates a *Page 218 
comprehensive, general class of insurance representatives, and that class necessarily includes "adjusters," the smaller class treated in subsection (b). Because adjusters necessarily compose a subset of the larger, general class — all members of which are subject to liability for willfulness — they are, as a logical matter, also subject to liability under the same species of scienter. I would, therefore, construe "willfully" in subsection (a) as referring equally to the class of persons treated in subsection (b), which contains no express
culpability standard.
This interpretation is compelled by the following well-established rule of statutory construction: "[W]here the validity of a statute is assailed, and there are two possible interpretations, by one of which the statute would be unconstitutional and by the other [of which] it would be valid, the court should adopt the construction which would uphold it."McCall v. Automatic Voting Mach. Corp., 236 Ala. 10, 13,180 So. 695, 697 (1938). In other words, "[w]hen the constitutionality of a statute is questioned, it is the duty of the courts to adopt a construction that will bring it in harmony with the Constitution, if its language will permit, even though the construction which is adopted does not appear to be as natural as the other." Id. Thus, in construing §27-10-2(a) and (b), I must assume that the Legislature knew how to create a subclass of insurance adjusters and expressly make it subject to liability for a lesser degree of scienter, but must not — in the absence of such express language — assume that it intended to jeopardize the constitutionality of the statute by creating such an anomaly. See Pruett v. Patton,288 Ala. 710, 714, 265 So.2d 130 (1972) ("legislative body is presumed to intend that legislative acts shall not violate the Constitution, and be utterly void").
I would reverse the judgment and remand the cause for further proceedings pursuant to the fault-based standard of culpability applied equally as to all defendants. For these reasons, I respectfully dissent.
HOOPER, C.J., concurs.